JACK EVANS v. THE STATE.

No. 14447.   Delivered November 4, 1931.

The opinion states the case.

*J. F. Park,* of Aransas Pass, *Letts & Rosland,* of Houston, (on appeal only) for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment three years in the penitentiary.

The indictment was returned in September, 1930, at a special term for the district court of Aransas county. It charged appellant with possessing for the purpose of sale intoxicating liquor on or about the first day of March, 1930.

The state's evidence from two witnesses is positive that they purchased liquor from appellant prior to the September term of court. These transactions were denied by appellant. Complaint is made because one of these state's witnesses, Sorenson, was permitted to testify to more than one transaction had with appellant regarding liquor. Sorenson only testified to one sale of whisky made by appellant, but said on a number of occasions appellant had given him whisky. It is not necessary to advert to this bill of exception further than to call attention to the court's qualification thereon, which was accepted without objection, in which qualification the court says the testimony of this witness was given without objection on the part of appellant.

The other bill presents complaint because Preston, the other state's witness, was permitted to give testimony as to a transaction in which he bought liquor from appellant in the spring of 1930. This bill does not certify that the evidence was objected to at the time of the trial. The court says appellant made no motion requiring the state to elect between the transactions, thereby recognizing that it would have been his duty to require the state to stand upon one or the other of the transactions if an election had been demanded. In the absence of a request that the state be required to elect, and in the absence of objection to the testimony at the time of the trial, we discover no error in the court's ruling regarding the matter.

The judgment is affirmed.

*Affirmed.*